Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Leo J. Nixon**
Debtor(s)

Bankruptcy Case No.: 19–11217–TPA
Per January 28, 2020 Proceeding
Chapter: 13
Docket No.: 20 – 13
Concil. Conf.: 7/7/20 at 11:30 AM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated January 2, 2020 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

- ☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

- ☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

- ☑ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on 7/7/20 at 11:30 AM, in Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, PA 16501.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

- ☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

- ☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

- ☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

- ☑ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Erie Water Works (Claim No. 5) .

- ☑ H. Additional Terms: The secured claim of the following Creditor shall govern as to claim amount, to be paid at the modified plan terms: Erie Federal Credit Union (Claim No. 3), payment determined by Trustee.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

Dated: January 30, 2020

cc: All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                          Case No. 19-11217-TPA
Leo J. Nixon                                                                    Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-1           User: jmar                Page 1 of 1              Date Rcvd: Jan 30, 2020
                               Form ID: 149              Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 01, 2020.
db             +Leo J. Nixon,    2318 Reed Street,   Erie, PA 16503-2140
15184011        Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
15168871       +Erie Federal Credit Union,    3503 Peach Street,    Erie, PA 16508-2741
15168872       +Erie Water Works,    340 West Bayfront Parkway,    Erie, PA 16507-2004
15168873       +First Federal Credit Control,    24700 Chagrin Boulevard,    Cleveland, OH 44122-5662
15168874       +First Premier Bank,   3820 North Louise Avenue,     Sioux Falls, SD 57107-0145
15168879       +Specialized Loan Servicing,    8742 Lucent Boulevard,    Suite 300,    Littleton, CO 80129-2386
15168880       +UPMC Hamot Surgery Center,    200 State Street,    Erie, PA 16507-1499

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
15168868       +E-mail/Text: ally@ebn.phinsolutions.com Jan 31 2020 03:15:12     Ally Financial,
                 PO Box 380901,    Bloomington, MN 55438-0901
15168869       +E-mail/Text: bankruptcy.notifications@fisglobal.com Jan 31 2020 03:16:26     Chex Systems Inc.,
                 Attn: Customer Relations,    7805 Hudson Road,   Suite 100,    Saint Paul, MN 55125-1703
15168870       +E-mail/PDF: creditonebknotifications@resurgent.com Jan 31 2020 03:17:42     Credit One Bank Na,
                 Po Box 98872,    Las Vegas, NV 89193-8872
15168875       +E-mail/Text: bncnotices@becket-lee.com Jan 31 2020 03:15:17     Kohls / Capital One,
                 Po Box 3115,    Milwaukee, WI 53201-3115
15168876       +E-mail/PDF: resurgentbknotifications@resurgent.com Jan 31 2020 03:18:19     LVNV Funding LLC,
                 c/o Resurgent Capital Services,    PO Box 10675,    Greenville, SC 29603-0675
15170513        E-mail/PDF: resurgentbknotifications@resurgent.com Jan 31 2020 03:18:22     LVNV Funding, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
15174851        E-mail/PDF: MerrickBKNotifications@Resurgent.com Jan 31 2020 03:17:29     MERRICK BANK,
                 Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
15168877       +E-mail/PDF: MerrickBKNotifications@Resurgent.com Jan 31 2020 03:17:27
                 Merrick Bank Corporation,    Po Box 9201,   Old Bethpage, NY 11804-9001
15168878       +E-mail/Text: bankruptcy@sccompanies.com Jan 31 2020 03:16:51     Midnight Velvet,
                 1112 7th Avenue,    Monroe, WI 53566-1364
15168881       +E-mail/Text: bnc-bluestem@quantum3group.com Jan 31 2020 03:16:35     Webbank / Fingerhut,
                 6250 Ridgewood Road,    Saint Cloud, MN 56303-0820
                                                                                              TOTAL: 10

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             ABFC 2002-WF1 Trust, ABFC Mortgage Loan Asset-Back
                                                                                   TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 01, 2020                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 30, 2020 at the address(es) listed below:
              Daniel P. Foster    on behalf of Debtor Leo J. Nixon dan@mrdebtbuster.com,
               clarissa@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com;anne@ecf.inforuptcy.com
              James Warmbrodt    on behalf of Creditor    ABFC 2002-WF1 Trust, ABFC Mortgage Loan Asset-Backed
               Certificates, Series 2002-WF1, U.S. Bank National Et Al... bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                              TOTAL: 4